UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-14004-RGS

ROBERT G. ANCTIL

v.

SPECIALIZED LOAN SERVICING, LLC

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT

January 6, 2016

STEARNS, D.J.

Defendant Specialized Loan Servicing, LLC (SLS)'s motion to dismiss is ALLOWED. Plaintiff Robert Anctil's Verified Complaint alleges that in 2006, he and his then-wife Shelley took out a mortgaged loan for their house in the value of $600,000 from Bank of America. While Anctil signed the mortgage security document, "[o]nly Shelley executed the Note as they were informed by their mortgage broker that if Anctil were to also be on the loan the rate would increase . . . due to his pending bankruptcy." Compl. ¶ 6. "[T]here were several misrepresentations in the loan application relating to the assets and income of Shelley, which were greatly inflated in order to qualify her for the loan." Id. ¶ 7. Unsurprisingly, "[t]he Mortgage payments fell into arrears beginning on May 1, 2009, and no payments have been made

since that date" as "the Mortgage payments were unaffordable from the inception of the loan." *Id.* ¶¶ 11-12.

In April of 2013, Anctil applied to SLS, the servicing company of Shelley's loan, for a loan modification. "SLS denied Anctil's request . . . several times claiming that he was not a borrower and could not apply for a loan modification." *Id.* ¶ 19. At that time, Anctil informed SLS that he was represented by counsel. In February of 2015, SLS sent Anctil (but not his counsel) a letter entitled "150 Day Right to Cure Your Mortgage Default."

The Complaint sets forth four Counts – Breach of Mass. Gen. Laws ch. 244, § 35A (Count I); Breach of Mass. Gen. Laws ch. 93, § 49 (Count II); Breach of Contract (Count III); and Breach of Mass. Gen. Laws ch. 93A. The main thrust of the Complaint is that SLS failed to give him a loan modification under Home Affordable Modification Program (HAMP). As the Complaint makes clear, Anctil lacks standing to vindicate the rights of a borrower as he expressly alleged that he was not a signatory on the loan note. *See, e.g.*, *Sharp v. Deutsche Bank Nat'l Trust Co.*, 2015 WL 4771291, at *6 (D.N.H. Aug. 11, 2015) ("[W]hile Sharp points out that he was named as a borrower in the mortgage, he does not allege that he was a borrower on the loan and, indeed, the promissory note does not bear his signature. . . . Accordingly, the court concludes that Sharp lacks standing to assert a claim

under 12 U.S.C. § 2605(f)."). Moreover, were Anctil a signatory on the note, denial of a loan modification under HAMP does not give rise to a private right of action. *See Souza v. Bank of Am., Nat. Ass'n*, 2013 WL 3457185, at *3 (D. Mass. July 8, 2013) ("Every Court of Appeals that has addressed the issue has concluded that HAMP does not provide an implied right of action under federal law.")

Anctil has also failed to allege any other plausible claim in the Complaint. Count I charges a violation of Mass. Gen. Laws ch. 244, § 35A, which requires a creditor to provide a mortgagor a 150-day right to cure a default and a notice thereof. The Complaint clearly states that Anctil received such a notice from SLS in February of 2015. Count II alleges a violation of Mass. Gen. Laws ch. 93, § 49, which prohibits unfair or deceptive practices in connection with debt collection. Anctil is not a debtor on the mortgage loan note and he does not allege that SLS attempted to collect the money owed under the note from him.[1] Indeed, SLS "stated that . . . Anctil was not a borrower and they could only communicated with Anctil's ex-wife, Shelley." Compl. ¶ 26. Count III alleges breach of contract. However, Anctil

---

[1] Anctil's attempt to recast the § 35A letter as an effort by SLS to collect the underlying debt from him is unavailing (and contradictory to his claim under § 35A). As he notes elsewhere in the Complaint, as a mortgagor, SLS was required by law to provide him a notice to his right to cure the default.

has not identified any contract from which he could derive the right to a loan modification. Nor could he as he is not a signatory to the loan. *Cf. MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 491 (1st Cir. 2013) (finding "persuasive that "borrowers are not third-party beneficiaries of agreements between mortgage lenders and the government"). Finally, because Anctil has not alleged any wrongdoing on the part of the SLS, the ch. 93A claim must also be dismissed. As Anctil's Verified Complaint makes clear that he lacks standing to enforce or modify the terms of the loan, his request to amend the Complaint will be denied as futile. *See Sharp*, 2015 WL 4771291, at *6.

## ORDER

For the foregoing reasons, SLS's motion to dismiss the Complaint is <u>ALLOWED</u>. The Clerk will close this case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE